UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIVANNA ALTAGRACIA NUNEZ              :
RODRIGUEZ-JIMENEZ MENCIA              :
                                      :
Petitioner,                           : Civil Action: 1:23-cv-05571
                                      :
vs.                                   :
                                      :
LUIS CLEY PORTES PAREDES              :
                                      :
Respondent.                           :
                                      :

## PETITIONER'S VERIFIED REPLY TO RESPONDENT'S ANSWER FOR RETURN OF THE CHILD TO SWITZERLAND

The Petitioner, Divanna Altagracia Nunez Rodriguez-Jimenez Mencia, makes this reply to respondent's purported Answer to Petitioner's Verified Petition for return of the Child to Switzerland which does not conform to Federal Rule of Civil Procedure 8b, and Respondent's general responses to Petitioner's allegations are incomprehensible.

1. Respondent believes incorrectly he is not required to respond to paragraph 1 of the Verified Petition in that it simply states that the Verified Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Hague Convention" or "Convention")[1] and the International Child Abduction Remedies Act (hereinafter "ICARA")[2] and that the Convention came into effect in the United States of America on July 1, 1988 and has been ratified between, among other "contracting States" (as that term is defined in the Convention), the United States of America and Switzerland, *See* United States Department of State's Hague Abduction Convention Country List, available at:

---

[1] Oct. 25, 1980, I.I.A.S. No. 11,670 at 1, 2254 U.N.T.S. AT 98, reprinted in 51 Fed. Reg. 10494 (1986).
[2] 22 U.S.C. § 9001 et seq.

http://travel.state.gov/abduction/resources/congressreport/congressreport_1487.html.

2. Respondent believes incorrectly he is not required to respond to paragraph 2 of the Verified Petition in that it simply states that the objects of the Convention are as follows: (1) to secure the immediate return of a child (or children) wrongfully removed or wrongfully retained in any Contracting state; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States, Convention, Art. 1. Pursuant to Article 11 of the Convention, "judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of the children."

3. Respondent believes incorrectly he is not required to respond to paragraph 3 of the Verified Petition in that it simply states that this Court has jurisdiction under 22 U.S.C § 9003(a) because this is an action arising under the Hague Convention and because this case involves the wrongful retention of a child under the age of sixteen from the child's habitual residence of Switzerland and the child is currently located within the jurisdiction of this Court at Father's residence at 3913 Rombouts Avenue, Bronx, New York 10466, yet admits in paragraph 4 that he resides in this District.

**Respondent's Admissions**

4. Respondent, in his answer admits:

a.   Parentage;

b.   That he resides within the Southern District of New York at 3913 Rombouts Avenue, Bronx, New York;

c.   That the child is under the age of 16 and is in fact 6 years of age;

d.   That the child was born in Switzerland and resided in Switzerland at the time immediately before the wrongful retention;

e.   That Petitioner lives and resides in Switzerland pursuant to the Hague Convention;

f.   That the child is retained within this jurisdiction;

g. That Petitioner was born on May 2, 1990 in the Dominican Republic, moved to Switzerland in 1996 and grew up in Switzerland and is a Swiss citizen and holds a Swiss passport.

h. That attempts have been made with Respondent for the voluntary return of the child to Switzerland through the State Department by letter to the Respondent dated May 10, 2023.

**Respondent's denials**

5. Respondent, in his answer, denies:

a. That he is wrongfully retaining the child in the United States despite the parties' Swiss Declaration of Shared Parental Responsibility dated December 23, 2020 wherein Respondent was granted parenting time with the child for two weeks during summer holidays in odd years and despite the fact that he sets forth no factual statement to contradict same. The Respondent took the child for parenting time on July 9, 2023 and although the child was to stay for only two weeks, Petitioner agreed for the child to stay until August 9, 2023. When Respondent did not return the child on that date, Petitioner purchased a return ticket for the child to return on September 4, 2023.

b. That Petitioner and the child habitually resided in Switzerland within the meaning of Article 3 of the Convention and that the child went to school in Switzerland and was completely settled in Switzerland and integrated in Switzerland's culture and sets forth no contrary statement.

c. That the Convention applies to cases where a child under the age of sixteen (16) years has been removed or retained from his or her habitual residence in breach of rights of custody of a Petitioner, which the Petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child and sets forth no contrary statement and is legally incorrect.

d. That the child has always lived in Switzerland before being taken to the United States and sets forth no contrary statement.

e. That at the time of the Respondent's wrongful retention of the child in the United States, the Petitioner had and continued to have rights of custody under Switzerland law and sets forth no

contrary statement or law.

f. That Petitioner has rights of custody under Switzerland under Article 301a. attached to the Request for Return as **Exhibit "C"; ECF Doc 1-3**).

g. That at all times Petitioner had rights of custody with respect to the Child within the meaning of Article 3 of the Hague Convention and sets forth no contrary statement or law.

h. That at all times prior, the Petitioner exercised custody over the Child within the meaning of Articles 3 and 5 of the Hague Convention, in that among other things she has continuously and at all times lived with the Child and provided emotional support and well-being to the Child, and has provided financial support for her family and sets forth no contrary statement or law.

i. That the Petitioner has never consented to or acquiesced in the Respondent's wrongful retention of the Child in the United States yet gives no facts to the contrary except that Petitioner consented to same with no documentation of said consent, and just the conclusory statement that Petitioner consented to the child staying in the United States.

j. That as of today, Petitioner continues to be deprived of her parental rights to the Child but does not include a legal conclusion, but a factual statement which is not contradicted.

k. That on or about April 12, 2023, Petitioner filed her Hague Application with the Federal Office of Justice, Central Authority in Matters of International Child Abduction in Switzerland despite the fact it is attached to the Verified Petition as **Exhibit "C"**, ECF Doc 1-3).

l. That the Petitioner invokes Article 18 of the Convention, which grants this Court plenary power to order the child's return at any time[3], despite the fact it is existing law.

m. That the Petitioner requests that the Court issue a Show Cause Order forthwith ordering

---

[3] See Convention, art. 18; *see also* 51 Fed. Reg. 10, 494, 10,509 (1988)(legal analysis of the Hague Convention by the U.S. Department of State); *In re B. Del C. S.B.*, 599 F.3d 999, 1015-16 (9th Cir. 2009); *Alcala v. Hernandez*, 826 F.3d 161 (4th Cir. 2016) *de Silva v. Pitts*, 481 F.3d 1279, 1285 (10th Cir. 2007)("In fact, even if a defense is established, a court still has discretion to order the return of the child if it would further the aim of the Convention which is to provide for the return of a wrongfully removed child.")

the appearance of the Respondent before this Court is moot because the Court already issued the Order to Show Cause on June 29, 2023 (ECF Doc 12).

n. That pursuant to ICARA § 9004, and the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter "UCCJEA") is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes and is codified at New York *Dom Rel. Law* §75 *et seq*. New York law addresses the appearance of the parties and children in such cases in UCCJEA. *Dom Rel. Law* §76-i. That section authorizes the Court to order the appearance of the child and custodian or custodians together. Ibid. This Court therefore has the authority to issue a show cause order, ordering the appearance of the Father and child in that the provisions of 22 U.S.C. § 9004 can be met, despite the fact it is existing law and Respondent provides nothing to the contrary.

o. That the Petitioner's request that this Court issue an Order prohibiting the removal of the child from the jurisdiction of this Court during the pendency of the proceedings in this Court, an Order taking into safe-keeping the Father's and the child's travel documents, and thereafter an Order setting an expedited hearing of the Verified Petition for Return of the Child to Switzerland[4] is moot as the Court has already ordered same.

p. Respondent denies that pursuant to the UCCJEA Declaration, yet provides not contrary facts:

- From birth to July 9, 2022, the date the Respondent took the child to the United States, the child resided solely with the Petitioner, and remained in the United States past the two weeks Respondent was permitted parenting time with the child, as a result of his

---

[4] Such a Petition may also be treated as an application for a Writ of Habeas Corpus itself. *Zajaczkowski v. Zajaczkowska,* 932 F. Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus...pursuant to 28 U.S.C.A. § 2243"); *see also Ohlander,* 114 F.3d at 1535.

wrongful retention, yet admitted he is living at 3913 Rombouts Avenue, Bronx, New York at the present time.

- As a result of the Respondent's wrongful retention of the child in the United States from Switzerland, the child has been physically located here.
- The Petitioner is unaware of any other proceeding in any jurisdiction that may affect the current proceeding.
- The Petitioner does not know of any person or institution not a party to the proceedings that has physical custody of the child or claims to have rights of parental responsibility or legal custody or physical custody of, or visitation or parenting time, with the child.

**Respondent believes he does not have to respond, as indicated above in paragraphs 1, 2, and 3, as well as the following:**

6. That the Custody law in Switzerland Article 301a, attached to the Request for Return (**Exhibit "C"; ECF Doc 1-3**) requires joint parental responsibility for change of the child's residence.

**Respondent's failure to deny or answer:**

7. Respondent failed to deny or answer the following:

   a. That Respondent refuses to return the child to Switzerland.

**Respondent's affirmative defenses against the return of the child to Switzerland**

8. Respondent sets forth three (3) affirmative defenses/exceptions as follows:

   a. The Petitioner consented to the child's retention in the United States despite the allowance stated in the parties' Declaration of Shared Parental Responsibility dated December 23, 2020 referred to above. He provides no factual and/or evidentiary support for this contention. Respondent does not state whether this alleged consent was conditional, for a temporary time period, and/or "forever."

b. Respondent sets forth that a 6-year-old child states that the child does not want to return to Switzerland and is sufficiently mature to express her opinion, contrary to existing Second Circuit *juris prudence*. . Respondent seemingly invokes the Artricle 13 "unnumbered" provision as a defense which is termed the "age and maturity defense", the "maturity child exception," or the "child's objection defense." See *Haimdas v. Haimdas*, 720 F.Supp. 2d 183, 204 E.D.N.Y. 2010. Said defense permits the court to "refuse to order the return of the child if the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of [the child's] views." See Article 13. The Convention only calls for the court to "take account of the mature child's views, not to acquiesce. *Haimdas*, 720 F.Supp. 2d at 204. There is no established objective criteria or tests assessing a child's maturity. The Second Circuit, however, has observed that the standard should be relatively demanding. *Blondin v. Dubois* (Blondin II) 238 f.3d 153, 166 (2d. Cir. 2001).

Courts consider both the age of the child and the nature of their objections to return. Though "[t]he Convention does not establish a minimum age at which a child is old enough and mature enough to trigger this provision," *Blondin v. Dubois (Blondin IV)*, 238 F.3d 153, 158 (2d Cir. 2001), generally, courts more heavily weigh testimony from children older than B.V. See, e.g., *Matovski v. Matovski*, No. 06-CV-4259, 2007 WL 2600862, at *14 (S.D.N.Y. Aug. 31, 2007) (holding that 12 and 11 year old children sufficiently objected to return where they testified that they had more family and friends in the United States, enjoy a more stable life, and are concerned about uncertainties that they would face in home country); *Diaz Arboleda v. Arenas*, 311 F.Supp. 2d 336, 343-44 (E.D.N.Y. 2004) holding that 12- and 14-year-old children sufficiently objected to return where they expressed preference of staying with their mother and believed that they would have better opportunities in this country); *Laguna v. Avila,* No. 07-CV-5136, 2008 WL 1986253, at *11 (E.D.N.Y. May 7, 2008)

("The Court was most impressed as [the child] testified calmly but with deep feeling that he believes that the United States will provide him personally with far better opportunities in life than Colombia, because America 'has more economy, more business, more industry, more opportunities, things like that.'"); *Broca v. Giron*, No. 11-CV-5818, 2013 WL 867276, at *10 (E.D.N.Y. Mar. 7, 2013) (finding 15-year-old child mature where she was aware of her precarious immigration status and balanced risks and rewards of her situation).

Nowhere can counsel find a Court within the Second Circuit that ever found a child less than 9 years of age sufficiently mature to object to his or her return. Thus, this defense and/or exception is improper.

>   c. That the child is well-settled with Respondent in the United States despite the fact that the "well-settled" exception does not apply in this matter, because it can only be invoked if more than one year has elapsed from when the Petition was made, as in *Re: Lozano*, 809 F.Supp. 2d 197, 225 (S.D.N.Y. 2011). The wrongful retention date is August 9, 2023 and the Petition was filed on June 29, 2023, within a year. A year has not elapsed. Thus, Respondent's well-settled defense is improper and not substantiated by law or fact.

A. **Petitioner has made a prima face case as to the wrongful retention of the child in the United States**

   i. **Habitual Residence was and is Switzerland**

9. At the time immediately before the wrongful retention of the child, Petitioner habitually resided in Switzerland within the meaning of Article 3 of the Convention. The child had lived in Switzerland since her birth and had settled and integrated into Swiss lifestyle and culture. The child has lived her whole life in Switzerland with her family and friends, established close relationships, friendships, and socialized with same.

10. The Supreme Court of the United States in *Monasky v. Taglieri*, 140 S. Ct. 719 (2020)

finally established a uniform analysis to determine a child's habitual residence. In *Monasky*, the Court stated that habitual residence is heavily fact driven and should be determined by the totality of the circumstances making a fact driven inquiry that is "sensitive to the unique circumstances of the case and is informed by common sense." It held that "there are no categorical requirements for establishing habitual residence – least of all an actual agreement requirement for infants." The Court further stated that "[c]ommon sense suggests that some cases will be straight forward: Where a child has lived in one place with her family indefinitely, that place is likely to be her habitual residence." *Id.* at 727.

11. There is no question that before Respondent refused to return the child to Switzerland, and unlawfully retained the child, the parties shared parental intent was not to change the child's habitual residence from Switzerland to the United States. The last shared parental intent was when the parties agreed that the Respondent would have parenting time with the child in the United States pursuant to the parties' Declaration of Shared Parental Responsibility noted above.

### ii. Petitioner was exercising her custody rights at the time of the wrongful retention of the child.

12. At the time of wrongful retention of the Child, Petitioner was exercising custody rights within the meaning of Articles 3 and 5 of the Convention,[6] in that she is the Mother of the child and has exercised custody rights over her since she was born. Furthermore, the child habitually resided in Switzerland within the meaning of Article 3 of the Convention since she was born there, and until her wrongful retention in New York, in the United States of America.

---

[4] "Courts in both the United States and foreign jurisdictions have defined habitual residence as the place where [the child] has been physically present for an amount of time sufficient for acclimatization and which has a degree of settled purpose for the child's perspective." Pesin v. Rodriguez, 77 F. Supp. 2d 1277, 1284 (S.D. Fl. 1999) (citations omitted), aff'd, Pesin v.Rodriguez, 244 F.3d 1250 (11th Cir. 2001); Morris at 1161 ("the law requires [the Court] to focuson the child in determining habitual residence"); see also In re Robinson, 983 F. Supp. 1339, 1341-42 (D. Colo. 1997). It is a state of being or state of mind. Habitual residence is the permanent physical residence of the child as distinguished from their legal residence or domicile. In Re Bates,No. CA 122-89, High Court of Justice, Family Div., England, February 23, 1989; Brooke v. Willis,907 F. Supp. 57, 61 (S.D.N.Y. 1995); see also T.B. v. J.B., 2000 WL 1881251, at *1 (Supreme Court of Judicature, England, December 19, 2000) (stating that it is important to remember that the Convention is concerned with the return of child to the country of their habitual residence andnot with their return to any particular person).

[5] "Article 3 of the Hague Convention provides that the removal or retention of a child is wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." Lops, 140 F.3d at 935;" "[t]he removal of a child from the country of his or her habitual residence is 'wrongful' under the Hague Convention if a person in that country is, or would otherwise be, exercising custody rights to the child under that country's law at the moment of removal." Friedrich v. Friedrich, 78 F.3d 1060, 1064 (6th Cir. 1996); see Prevot v. Prevot, 59 F.3d 556 (6th Cir. 1995); Convention, Art. 3.

[6] The issue of "custody" must be addressed under Peruvian law. See also Whallon v. Lynn, 230 F.3d 450 (1st Cir. 2000); Freidrich v. Friedrich, 983 F.2d at 1402; Ohlander v. Larson, 114

13. It is undisputed that Petitioner was exercising her custodial rights prior to the wrongful retention of the child.

## CONCLUSION

14. There are no disputed facts in this matter. There are simply posited wrongful conclusions of law which the Respondent wishes the Court to adopt. There is no dispute that Petitioner has proved wrongful retention and that the Respondent has not put forth any facts substantiating consent or acquiescence. Even more troublesome is that he raises two exceptions and/or defenses which are improper and/or inapplicable well-settled exception and that the child is of sufficient age of maturity to object to her return.

15. For the above stated reasons, the Court should respectfully grant the Petition.

Respectfully submitted,

/s/ Ari H Gourvitz

_____
ARI H. GOURVITZ, ESQ.
ELLIOT H. GOURVITZ, ESQ.
Gourvitz & Gourvitz, LLC.
505 Morris Avenue, Suite 102
Springfield, New Jersey 07081
PH: (973) 467-3200
Email: ahg@gourvitz.com;
ehg@gourvitz.com
Attorneys for Petitioner

Dated: 07.28.23

## VERIFICATION

I make this verification and declaration that the within statements made by me are true of my own knowledge and belief. I declare under penalty of perjury of the Federal laws of the United States of America that if any of the within statements made by me are willfully false, I am subject to punishment.

_____
DIVANNA ALTAGRACIA NUNEZ
RODRIGUEZ-JIMENEZ MENCIA

Dated: 28.07.2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIVANNA ALTAGRACIA NUNEZ RODRIGUEZ-JIMENEZ MENCIA<br><br>Petitioner,<br><br>vs.<br><br>LUIS CLEY PORTES PAREDES<br><br>Respondent. | :<br>:<br>:<br>: Civil Action: 1:23-cv-05571<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Ari H. Gourvitz, Esq., hereby certify that on July 28, 2023, I electronically filed with the Clerk of Court the following documents:

VERIFIED REPLY TO RESPONDENT'S ANSWER TO THE VERIFIED PETITION

Using the ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) and paper copies will be sent via first class mail to those indicated as non-registered participants on this date.

I have further sent copies to Respondent's counsel, Dawud A. Nelson, Esq. via email.

/s/ *Ari H. Gourvitz, Esq.*
Ari H. Gourvitz, Esq.
Gourvitz & Gourvitz, LLC.
505 Morris Avenue, Suite 102
Springfield, New Jersey 07081
Telephone: (973) 467-3200
Facsimile: (973) 467-4091
ahg@gourvitz.com
*Attorney for Petitioner*